
RECEIVED
SEP 08 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MICHAEL HEARD** | **DOCKET NO. 10-CV-1196; SEC. P** |
| **FED. REG. #09888-035** | |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN - F.C.C. POLLOCK** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se petitioner Michael Heard filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on July 26, 2010. Petitioner is in the custody of the Federal Bureau of Prisons (BOP), and he is incarcerated within the Federal Correctional Complex in Pollock, Louisiana. Petitioner asks that the Court order the BOP to, in good faith, consider Petitioner for a residential re-entry program pursuant to the Second Chance Act of 2007.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner is serving a 188 month sentence for various crack cocaine related crimes. [3:98-cr-30011] His projected release date is January 12, 2012. [Doc. #1, p.1]

The law provides that the BOP, to the extent practicable, shall ensure that a prisoner spends a portion of the final months of that term (not to exceed 12 months), under conditions that will

afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. See 18 U.S.C. §3624(c)(1).

Petitioner makes a generalization that the BOP is not, in good faith, considering inmates for placement in a Residential Reentry Center (RRC) for more than six months. First, he has not alleged that the BOP made a bad faith decision **as to Petitioner.** In fact, Petitioner does not allege that he has been refused placement in an RRC for more than six months, or for any amount of time. Second, Petitioner asks that this Court order the BOP to use good faith in considering Petitioner for RRC placement. Petitioner has presented no factual allegations predicting how much time he will spend at an RRC, nor does he cite facts indicating that the BOP would categorically deny his appeals should the time assigned be less than Petitioner hopes for. A brief review of case law indicates that some BOP inmates are, in fact, being placed in RRCs for more than six months. See Rivkin v. Tamez, 2009 WL 262306 (N.D.Tex. 2009).

Finally, as Petitioner admits, a prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). To be excused from this exhaustion requirement, the complainant must demonstrate either that the administrative

remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Such exceptions to the exhaustion requirement "apply only in extraordinary circumstances, and [applicant] bears the burden of demonstrating the futility of administrative review." Id. (internal citations omitted).

The BOP has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. See 28 C.F.R. §§542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49. These procedures, in turn, generally require the prisoner first to attempt informal resolution through a complaint to BOP staff; if not satisfied with the result, he must file a formal written complaint to the Warden, then pursue an administrative appeal to the appropriate BOP Regional Director. See 28 C.F.R. §§542.10 et seq. The final appeal is to the BOP's Central Office in Washington, D.C., "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a). Petitioner has not complied with the exhaustion requirement; and, although he claims that an administrative appeal would be futile, Petitioner has not presented facts to support that implication.

Therefore,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITHOUT PREJUDICE** because Petitioner failed to exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 7th day of September, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE